IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, #13465-171, | C/A No.: 1:12-121-RBH-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Darlene Drew Warden, FCI Bennettsville, | |
| Respondent. | |

Petitioner Raymond Edward Chestnut ("Petitioner"), proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241, seeking a reduction in his federal sentence. Petitioner is incarcerated at FCI-Bennettsville, located in the State of South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Petitioner was indicted by a federal grand jury in September 2005 for violations of federal drug and firearms laws. *Chestnut v. USA*, Criminal No. 4:05-1044-RBH ("*Chestnut I*") [Entry # 237 at 1–2]. On October 5, 2006, Petitioner plead guilty to Counts One and Four of the Indictment and the court sentenced him to the mandatory minimum of 300 months imprisonment. *Id*. at 2. Petitioner's direct appeal was dismissed by the Fourth Circuit Court of Appeals upon Petitioner's unopposed motion to dismiss pursuant to Fed. R. App. P. 42(b). *Id*. at 2. The government filed a motion to reduce Petitioner's

sentence in March 2010 pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. *Id*. at 2. The motion was granted and Petitioner's sentence was reduced to 180 months' imprisonment. *Id*. at 2–3. Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in September 2011. *Id*. at 3. Petitioner filed a Rule 60(b) motion a month later. *See Chestnut I* at Entry #189. In December 2011, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), which he later withdrew, but re-filed in February 2012. *Id.* at Entry #215, #232, #233. Also in February 2012, Petitioner filed: (1) a motion pursuant to Rule 52(b), *id*. at Entry #225, (2) another motion to correct his sentence, *id*. at Entry #22; and, (3) a motion to overturn Count 1 of his indictment, *id*. at Entry #235. By order dated February 27, 2012, the Honorable R. Bryan Harwell denied Petitioner's § 2255 and granted the government's motion to dismiss Petitioner's Rule 60(b) motion. *Id.* at #237. The other motions are still pending.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, alleging he is actually innocent of the conviction because he did not use, carry, or possess any firearms in furtherance of a drug trafficking crime, and because no actual drugs were located near the firearms. [Entry #1 at 8]. He states that he was never seen with or known to use, carry, or possess a firearm, and was not in possession of or discovered near any firearms when he was arrested. *Id*. at 8. He also alleges he is actually innocent of being a career offender because a conviction for possession of crack cocaine is not considered a controlled substance offense under the Sentencing Guidelines. *Id*. at 8. Petitioner further argues that

a South Carolina conviction for assault and battery of a high and aggravated nature is not categorically a crime of violence. *Id.* at 8. He asks that Count 4 of his conviction be overturned and asks to be re-sentenced without the career offender enhancement. *Id*. at 9.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. This court is required to construe *pro se* Petitions liberally. Such *pro se* Petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997) (collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Because Petitioner is seeking relief from his conviction and sentence, the relief he requests is only available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, No. 97 CR 391, 2000 WL 1788398 (N.D.Ill. December 4, 2000). Numerous opinions in this District have acknowledged that a pleading must be construed as brought pursuant to § 2255, regardless of how captioned, if the substance requests relief under § 2255:

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, [Petitioner] argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

4

*Taylor v. Drew*, C/A No. 9:10-2367-RMG-BM, 2010 WL 4318848, *2 (D.S.C. Oct. 06, 2010); *Lopez v. U.S.*, C/A No. 4:10-1598-HFF-TER 2010 WL 4008308, *2 (D.S.C. Sept. 16, 2010); *Morris v. Cardillo*, C/A No. 0:10-0443-JFA-PJG, 2010 WL 2722997, *4 (D.S.C. Apr 15, 2010) (all quoting *United States v. Morehead, supra*).

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement." *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Because relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.'" *Id.* (citations omitted).

  2. A second or successive § 2255 motion would not be inadequate or ineffective under the *Jones* test.

Because Petitioner has already filed a § 2255 motion, in order to go forward with a § 2241 petition, he must establish that a second or successive § 2255 motion would be inadequate or ineffective. The Fourth Circuit set forth the test to determine if a § 2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

5

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." 226 F.3d at 333–34.

Petitioner fails to meet all the prongs of this test. Specifically, he has not established that the substantive law has changed such that the conduct of which he was convicted has been deemed not to be criminal. Indeed, Petitioner clearly attacks his sentence in this § 2241 Petition by alleging that he is actually innocent of being a career offender because: (1) a conviction for possession of crack cocaine is not considered a controlled substance offense under the Sentencing Guidelines; (2) a South Carolina conviction for assault and battery of a high and aggravated nature is not categorically a crime of violence. *Id.* at 8. However, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008). Therefore, because the substantive law has not changed such that Petitioner's conduct is now deemed not to be criminal, as the second-prong of the *Jones* test requires, this court does not have jurisdiction to entertain Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Additionally, Petitioner's unsupported statement — that he is actually innocent of the conviction because he did not use, carry, or possess any firearms in furtherance of a drug trafficking crime, because no actual drugs were located near the firearms, and because he was never seen or known to use, carry, or possess a firearm, and was not in

6

possession of, or discovered near, any firearms when he was arrested — is without merit. Cognizable claims of actual innocence are extremely rare and must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). There is some authority allowing a petitioner to obtain review of his or her additional constitutional claims by showing that his case implicates a fundamental miscarriage of justice, such as by a showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). In sum, nothing in this case presents more than an unsupported allegation of actual innocence. Plaintiff has not shown the *Jones* test applies here to allow him to bypass the gatekeeping requirements of § 2255.

Finally, even if the Petitioner could avail himself of § 2241, the petition would be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after Petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through

7

542.16. In the instant case, Petitioner has not established, or even alleged, that he has exhausted his administrative remedies.

Because Petitioner has not established that he has exhausted his administrative remedies, has not demonstrated that he is actually innocent, and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, the undersigned recommends this matter be dismissed.

III. Recommendation

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 9, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).